

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

STEVE STAVRIDIS
*Special Federal Litigation Division*
(212) 788-8698
(212) 788-9776 (fax)

June 19, 2007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 6/22/07

**By Fax: (212) 805-6191**
Hon. Barbara S. Jones
United States District Judge
U.S. District Court
500 Pearl St.
New York, New York 10007

Re:    Crutchfield v. The City of New York, et ano., 07 CV 4693 (BSJ) (AJP)

Your Honor:

I am the Assistant Corporation Counsel representing defendant The City of New York (the "City") in the referenced civil rights action. I am writing to request an extension of the City's time to answer or otherwise respond to the complaint from June 25, 2007 to August 24, 2007.[1] I have conferred with plaintiff's counsel and he has consented to the extension.

There are several reasons for seeking the extension. Plaintiff alleges in his complaint that he was falsely arrested and maliciously prosecuted by the defendant police officer. In order to respond to these allegations, we need to obtain the records related to plaintiff's arrest and criminal prosecution. However, these records are presumably sealed pursuant New York Criminal Procedure Law § 160.50. Therefore, we need to obtain a consent authorization from plaintiff before we can access the sealed records. We have sent plaintiff the consent authorization for execution, but have not received it yet from him. Additional time is therefore needed to allow the City to obtain plaintiff's sealed records so that it could respond to the complaint.

---

[1] Upon information and belief, defendant Police Officer Winston Favis was recently served with process. This office will now proceed to conduct its inquiry under General Municipal Law § 50(k) to determine whether we could represent him in this action. In the interim, we request that Officer Favis' time to answer or otherwise respond to the complaint be similarly extended to August 24, 2007.



   The additional time is also needed by this office to conduct an inquiry to determine whether it could represent the defendant police officer in this case. See General Municipal Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). The individual defendants must then agree to be represented by this office, see Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir. 1984), and sign a representational consent form. Only then can this office interview the officers concerning plaintiff's complaint and file an answer on their behalf. It has been our experience that this process takes approximately two months to complete.

   No previous requests for an extension have been made by either party. An initial conference has not been scheduled yet and so this extension will not affect any other scheduled dates. Accordingly, it is respectfully requested that the Court grant defendant's application to set August 24, 2007 as the date by which all defendants must respond to the complaint.

                Respectfully submitted,

                Steve Stavridis (SS4005)
                Special Federal Litigation Division

*Application granted. The time to answer or otherwise respond to the complaint is extended to August 24, 2007.*

SO ORDERED
Dated:
BARBARA S. JONES
U.S.D.J.

cc: Stuart Lichten Esq. (By Fax: 212-358-1353)
   Attorney for Plaintiff

- 2 -