UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JAMES CRUTCHFELD,

                              Plaintiff,

             -against-

THE CITY OF NEW YORK and WINSTON FAVIS,

                              Defendant.
------------------------------------------------------------------------x

**ANSWER**

**07CV4693 (BSJ) (AJP)**

**JURY TRIAL DEMANDED**

**This document has been electronically filed.**

        Defendant the City of New York (the "City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

        1.  Denies the allegations set forth in paragraph 1 of the complaint.

        2.  Denies the allegations set forth in paragraph 2 of the complaint, except admits that plaintiff purports to base jurisdiction as stated therein, and that the City received a document purporting to be a Notice of Claim.

        3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the complaint.

        4.  Denies the allegations set forth in paragraph 4 of the complaint, except admits that Winston Favis employed by the City as a police officer for the Police Department of the City of New York and is assigned shield no. 23096.

---

[1] Upon information and belief, Winston Favis has not been served with process as of this date.

    5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint.[*]

    6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.[*]

    7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.[*]

    8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.[*]

    9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint.[*]

    10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint.[*]

    11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.[*]

    12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint.

    13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

    14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

---

[*] Upon information and belief, plaintiff's arrest records have been sealed pursuant to New York CPL § 160.50. Despite demands by defendant, plaintiff has to date not produced an authorization permitting the City to access arrest records so that it could respond the allegations of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. Punitive damages are not available against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27. There was reasonable suspicion to stop and detain plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

29. This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

30. This action is barred in whole or in part by the applicable limitations period.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

31. Plaintiff has failed to comply with section 50 of the Municipal Law.

**WHEREFORE**, defendant The City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      August 23, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant City of New York
100 Church Street, Room 3-159
New York, New York 10007
(212) 788-8698

By: _____
    Steve Stavridis (SS 4005)

(By ECF)

TO:   Stuart Lichten, Esq. (SL-1258)
       Attorney for Plaintiff
       275 Seventh Avenue, 17th Floor
       New York, New York  10001
       (212) 228-6320